**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------

**AIG GLOBAL SECURITIES LENDING CORP.,**
**ET AL.,**

                 **Plaintiffs,**        **01 Civ. 11448 (JGK)**

      **- against -**              **MEMORANDUM OPINION**
                                                  **AND ORDER**
**BANC OF AMERICA SECURITIES LLC,**

                 **Defendant.**
---------------------------------------

**JOHN G. KOELTL, District Judge:**

    AIG Global Securities Lending Corp. and AIG Life Insurance Company (together, the "AIG Plaintiffs"), and Allstate Life Insurance Company, Bank Leumi USA, Bayerische Landesbank, International Finance Corporation, Société Générale, and The Travelers Insurance Company (collectively, the "Non-AIG Plaintiffs") move for an order (1) modifying the Clerk's award of costs to include costs related to realtime transcripts and litigation consulting expenses and (2) awarding post-judgment interest on the amount awarded by the Clerk. For the reasons discussed below, the motions are denied with respect to the additional costs sought, and granted with respect to the request for post-judgment interest.

                                    **I.**

    On January 6, 2009, judgment was entered in this action in

favor of all plaintiffs.  After the judgment was affirmed on appeal, the Clerk of the Court met with counsel for the parties on November 16, 2010.  On November 18, 2010, the Clerk entered a bill of costs, taxing costs in the amount of $11,403.25 in favor of the AIG Plaintiffs and $34,041,35 in favor of the non-AIG Plaintiffs.  The Clerk taxed as costs (1) the fees of the court reporter for original trial transcripts, (2) the fees of the court reporter for certain deposition transcripts used at trial, and (3) the fees of an interpreter.

**II.**

Generally, Federal Rule of Civil Procedure 54(d) "allows the district court to award the prevailing party its costs.  However, . . . the types of costs which may be shifted are limited by 28 U.S.C. § 1920."  <u>Evergreen Pipeline Construction Co., Inc. v. Merritt Meridian Construction Corp.</u>, 95 F.3d 153, 171 (2d Cir. 1996) (citation omitted).  Section 1920 provides that the following costs may be taxed, among others: "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "[f]ees and disbursements for printing and witnesses"; and "[f]ees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920.

Local Rule 54.1(c) gives further guidance as to items taxable as costs. It provides, in pertinent part:

> (c) Items Taxable as Costs
>     (1) Transcripts. The cost of any part of the original trial transcript that was necessarily obtained for use in this court or on appeal is taxable. . . .
>         . . .
>     (5) Exemplification and Copies of Papers. A copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence. The cost of copies used for the convenience of counsel or the court are not taxable. . . .
>     (6) Maps, Charts, Models, Photographs and Summaries. . . . Costs of maps, charts, and models, including computer generated models, are not taxable except by order of the court. The cost of compiling summaries, statistical comparisons and reports is not taxable.
>     (7) Attorneys Fees and Related Costs. Attorney fees and disbursements and other related fees and paralegal expenses are not taxable except by order of the court.

Local Civil Rule 54.1. "The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." <u>John G. v. Board of Education of Mt. Vernon Public Schools</u>, 891 F. Supp. 122, 123 (S.D.N.Y. 1995).

The Non-AIG Plaintiffs ask the Court to modify the Clerk's award to include $7,615.20 in costs related to realtime transcripts. They have failed, however, to establish that they are entitled to recover these costs. Specifically, they have failed to establish that realtime transcripts, the most expensive transcription option available, were necessary, as opposed to merely convenient or helpful, to the prosecution of

their case.  See Ferrostaal, Inc. v. M/V Tupungato, No. 03 Civ. 4885, 2008 WL 2796644, at *1 (S.D.N.Y. July 17, 2008) (rejecting request for daily transcript costs because "it is not necessary for counsel to rely on a trial transcript when counsel can take notes during trial in order to prepare for cross examination and summation" (internal quotation marks omitted)); Close-Up Int'l, Inc. v. Berov, No. 02 Civ. 2363, 2007 WL 4053682, at *11 (E.D.N.Y. Nov. 13, 2007) (rejecting request for cost of daily transcripts because "plaintiffs' attorneys could have taken adequate notes during trial to prepare for cross-examination, follow the court's evidentiary rulings and prepare effective summation").  Accordingly, the Non-AIG Plaintiffs' request for $7,615.20 in costs for realtime transcripts is denied.

The plaintiffs also ask the Court to modify the Clerk's award to include $198,449.76 for expenses related to services provided by DOAR Litigation Consulting ("DOAR").  The Non-AIG Plaintiffs seek to recover $148,715.00, and the AIG Plaintiffs seek to recover $49,734.76.  The plaintiffs argue that these expenses fall under 28 U.S.C. § 1920(4), which permits taxation of fees "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Local Rule 54.1(c)(5) provides:  "A copy of an exhibit is taxable [under section 1920(4)] if the original was not available and the copy was used or received in evidence."

Subsection (c)(6) of the local rule provides that a court may also tax the "[c]osts of maps, charts, and models, including computer generated models."  Courts have previously held that this rule gives a court "the discretion to allow the cost of charts, blow-ups, and computer graphics" and similar visual aids, provided those costs are "reasonable."  DiBella v. Hopkins, 407 F. Supp. 2d 537, 539-40 (S.D.N.Y. 2005); see also Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd., No. 09 Civ. 2570, 2009 WL 5173787, at *8 (S.D.N.Y. Dec. 30, 2009).

The plaintiffs have failed to establish that the costs they seek are recoverable under section 1920(4).  The invoices submitted by the plaintiffs reflect substantial costs for services that include reviewing trial strategy with the plaintiffs' attorneys, marking exhibits, performing searches of exhibits, and renting copiers, scanners, and projectors for the plaintiffs' "War Room."  See Decl. of Christopher Dysard, Exh. D-F.  These are not the types of costs contemplated by section 1920(4).  Moreover, the plaintiffs have failed to establish that these costs were "necessarily" incurred, 28 U.S.C. § 1920(4), and reasonable, see DiBella, 407 F. Supp. 2d at 540.  Accordingly, the plaintiffs' request for $198,449.76 in costs for litigation consulting services is denied.

**III.**

The plaintiffs also request that post-judgment interest under 28 U.S.C. § 1961 be applied to the Clerk's award of costs, running from January 6, 2009, the date judgment was entered in the plaintiffs' favor. That judgment established the plaintiffs' right to recover costs taxable under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, and accordingly fixes the date from which interest should run. See Natural Organics, Inc. v. Nutraceutical Corp., No. 01 Civ. 0384, 2009 WL 2424188, at *10, *12 (S.D.N.Y. Aug. 6, 2009) ("majority approach" is that "interest should accrue from the date the party becomes entitled to the award even if that award is not quantified until a later point").

The defendant does not argue on the merits that the plaintiffs are not entitled to post-judgment interest on their recoverable costs. Rather, it argues that the plaintiffs have "waived any right to post-judgment interest" by failing to request it in the papers submitted to the Clerk. Opp. at 7. For this proposition, the defendant cites Local Civil Rule 54.1(a), which provides that "[a]ny party failing to file a request to tax costs within this thirty (30) day period will be deemed to waive costs." The local rule, however, transparently pertains to "costs," and post-judgment interest is not a "cost."

Rather, it "is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment." Andrulonis v. United States, 26 F.3d 1224, 1230 (2d Cir. 1994). The plaintiffs have not waived their right to an award of such interest by failing to request it within the thirty-day period prescribed for requests for costs.

## CONCLUSION

For the reasons discussed above, the plaintiffs' motions are **denied** insofar as they seek an order modifying the Clerk's award to include additional costs, and **granted** insofar as they seek an award of post-judgment interest on the costs allowed by the Clerk. The Clerk is directed to close **Docket. Nos. 272 and 276**.

SO ORDERED.

Dated: New York, New York
       January 6, 2011

/s/ John G. Koeltl
John G. Koeltl
United States District Judge